```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

**ELIAS RODRIGUEZ-LOZADA,**           \*
    Petitioner,                      \*
                                        \*
                                        \*
        v.                           \*          **CIVIL NO. 13-1277(PG)**
                                        \*          **RELATED CRIM. 02-0391(PG)**
**UNITED STATES OF AMERICA,**          \*
    Respondent.                       \*
_____

## **OPINION & ORDER**

    Before the Court is Petitioner's 28 U.S.C. §2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.5). Petitioner filed a Reply to the Government's Response (D.E. 8). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED**.

## **I. BACKGROUND**

    On October 9, 2003, Petitioner Elias Rodriguez-Lozada (hereinafter "Petitioner" or "Rodriguez-Lozada") was indicted by a Federal Grand Jury, along with co-defendant Nelson Rivera-Garcia (hereinafter "Rivera-Garcia"). See Crim. D.E. 14 of Case No. 03-284(PG)[2]. The seven(7) count Indictment charged Rodriguez-Lozada and Rivera-Garcia with possession with the intent to distribute narcotics. See Crim. D.E. 14 in Case No. 03-284 (PG). Specifically, Count One (1) charged Rodriguez-Lozada with aiding and abetting in possession with the intent to distribute approximately one thousand two hundred and sixty point eight (1,260.8) grams (gross weight) of heroin, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. See Crim. D.E. 19 in Case No. 03-284(PG).

    Count Two (2) charged Rodriguez-Lozada with aiding and abetting

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 13-1277(PG)                                                  Page 2

in the possession with intention to distribute approximately two thousand one hundred and twenty point two (2,120.2) grams (gross weight) of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. See Crim. D.E. 19 in Case No. 03-284(PG).

Count Three (3) charged Rodriguez-Lozada with aiding and abetting in the possession with intent to distribute approximately one hundred and twenty seven point three (127.3) grams (gross weight) of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. See Crim. D.E. 19 in Case No. 03-284(PG).

Count Four (4) charged Rodriguez-Lozada with aiding and abetting in the possession with intent to distribute approximately sixteen point seven (16.7) grams (gross weight) of marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. See Crim. D.E. 19 in Case No. 03-284(PG).

Count Five (5) charged Rodriguez-Lozada with aiding and abetting in the knowing possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1) and 2. See Crim. D.E. 19 in Case No. 03-284(PG).

Count Six (6) charged Rodriguez-Lozada with being a convicted felon in possession or receipt of firearms which had been shipped in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1). See Crim. D.E. 19 in Case No. 03-284(PG).

On December 17, 2003, Petitioner was charged in a two (2) count Superseding Indictment in Criminal Case 02-391(PG)[3]. See Crim.D.E. 238 in Case No. 02-391(PG). Count One (1) charged Rodriguez-Lozada with conspiring to possess with intent to distribute approximately one (1) or more kilograms of heroin, five (5) or more kilograms of cocaine, fifty (50) or more kilograms of cocaine base, and one hundred (100) or more kilograms of marijuana, in violation of Title 21, United States Code, Section 841(a)(1). See Crim. D.E. 238 in Case No. 02-

---

[3] In this Superseding indictment Rivera-Garcia was also charged.

391(PG). Count Two (2) was a forfeiture allegation pursuant to Title 21, United States Code, Section 853. See Crim.D.E. 238 in Case No. 02-391(PG).

On December 30, 2003, the Government moved to consolidate cases No. 03-284 and 02-391, (Crim. D.E. 243 in Case No. 02-391(PG)) and the Court granted its request. Ultimately, a trial was held and the jury found Rodriguez-Lozada guilty. See Crim. D.E. 429 in Case No. 02-391(PG).

On July 1, 2005, Petitioner's court appointed counsel filed a Motion to Withdraw as legal counsel[4]. See Crim. D.E. 436 in Case No. 02-391(PG). On July 20, 2005, Rodriguez-Lozada, pro se, filed a Motion To Appoint New Counsel. In said motion Petitioner provided specific names of attorneys whom he wished for this Court to appoint as his new counsel. See Crim. D.E. 40 in Case No. 02-391(PG).

On August 24, 2005, Rodriguez-Lozada filed prose a Motion for Hearing pursuant to Strickland v. Washington, 466 U.S. 668 (1984)[5]. See Crim. D.E. 446 in Case No. 02-391(PG). On August 26, 2005[6] the Court held the *Strickland* hearing. See Crim. D.E. 447 in Case No. 02-391(PG).

On September 13, 2005, Petitioner's counsel filed an informative motion stating that he had attempted to visit Rodriguez-Lozada at MDC-Guaynabo in order to discuss his Pre-Sentence Report and Petitioner had refused to see him. See Crim. D.E. 450 in Case No. 02-391(PG). On October 7, 2005, the Court again attempted to hold Rodriguez-Lozada's sentencing hearing, to no avail. See Crim. D.E. 456 in Case No. 02-391(PG). Once again Rodriguez-Lozada informed the Court that he wanted new counsel for sentencing based on the same

---

[4] Counsel Garcia informed the court that he had received a letter from Rodriguez-Lozada stating he was dissatisfied with his services and no longer wanted him as counsel. See Crim. D.E. 436 in Case No. 02-391(PG).

[5] In the *Strickland* motion, Petitioner requested a hearing from the court in order to develop and establish that his court appointed counsel had incurred in ineffective assistance of counsel thus depriving him of his Sixth Amendment Constitutional right. See Crim. D.E. 446 in Case No. 02-391(PG).

[6] The August 26, 2005 hearing was originally scheduled as a sentencing hearing but the Court later converted it into a *Strickland* hearing.

arguments that he had previously raised in his *Strickland* motion. See D.E. 456 in Case No. 02-391(PG).

On October 24, 2005, the Court appointed new counsel for Petitioner. See Crim. D.E. 457 in Case No. 02-391(PG). On November 16, 2005, newly appointed counsel Reveron filed a Motion to Withdraw as Rodriguez-Lozada's attorney, due to a possible conflict with another client. See Crim. D.E. 459 in Case No. 02-391(PG). On November 17, 2005, the Court appointed Rodriguez-Lozada's third counsel, Gustavo Del Toro. See Crim. D.E. 461 in Case No. 02-391(PG).

On May 17, 2006, Rodriguez-Lozada's sentencing hearing was held. Petitioner was sentenced to a term of imprisonment of two hundred and ten (210) months, to be served concurrently with the terms of imprisonment imposed in Criminal Case No. 03-284(PG) as to counts one (1) through three (3), four (4) and seven (7) but consecutively to count five (5) in Criminal Case No. 03-284(PG). A supervised release term of five (5) years was imposed as well as a special monetary assessment of one hundred (100) dollars[7]. See Crim.D.E.497 in Case No. 02-391(PG).

On May 26, 2006, Judgment was entered. See Crim.D.E. 500 in Case No. 02-391(PG). On June 1, 2006, Petitioner filed a Notice of Appeal. See Crim.D.E. 499 in Case No. 02-391(PG).

On February 24, 2009, the First Circuit Court of Appeals issued its Opinion and Order. The First Circuit affirmed Rodriguez-Lozada's convictions and sentences in criminal case 02-391(PG) and counts one (1), two (2), three (3) and four (4) of criminal case 03-284(PG). However, Rodriguez-Lozada's convictions and sentences on counts five

---

[7] On May 17, 2006, Rodriguez-Lozada was sentenced in Case No. 03-284(PG) to a term of imprisonment of two hundred and ten (210) moths as to counts one (1), two (2) and three (3); a term of imprisonment of sixty (60) months as to count four (4); a term of imprisonment of one hundred and twenty (120) months as to count seven (7), said terms to be served concurrently with each other and with the terms imposed in count one (1) in Crim. Case 02-391(PG). A term of imprisonment of sixty (60) months in count five (5), said term to be served consecutively to the sentences imposed, for a total term of imprisonment of two hundred and seventy (270) months. A term of supervised release of five (5) years as to counts one (1), two (2) and three (3); a term of supervised release of three (3) years as to counts four (4), five (5) and seven (7). Multiple terms of supervised release to be served concurrently with each other and with the term imposed in Crim. No. 02-391(PG). A special monetary assessment of one hundred (100) dollars as to each count for a total of six hundred (600) dollars. See Crim. D.E. 113 in Case No. 03-284(PG).

(5) and seven (7) in Crim. No. 03-284(PG) were vacated. The First Circuit Court remanded the case for appropriate action. See United States v. Rodriguez-Lozada, 558 F.3d 29 (1st Cir. 2009).

On May 23, 2010, Petitioner's fourth (4) court-appointed counsel filed a Sentencing Memorandum in anticipation of Rodriguez-Lozada's re-sentencing hearing[8]. See Crim. D.E. 649 in Case No. 02-391(PG).

On May 24, 2010, Petitioner's re-sentencing hearing was held. Rodriguez-Lozada was sentenced to a term of imprisonment of two hundred and ten (210) months as to count one (1) of criminal case 02-391(PG), a term of supervised release of five (5) years and a special monetary assessment of one hundred (100) dollars. See Crim. D.E. 651 in Case No. 02-391(PG). Petitioner was further sentenced to a term of imprisonment of two hundred and ten (210) months as to counts one (1) through three (3) and sixty (60) months as to count four (4) in criminal case 03-284(PG); said terms to be served concurrently with each other and with the sentence imposed in Case No. 02-391(PG)). A term of supervised release of five (5) years was imposed as to counts one (1) through three (3) and three (3) years as to count four (4); multiple terms of supervised release to be served concurrent with each other. See Crim. D.E. 200 in Case No. 03-284(PG). On May 24, 2010, Rodriguez-Lozada filed a Notice of Appeal. See Crim.D.E. 650 in Case No. 02-391(PG).

On May 25, 2010, an Amended Judgment was entered. See Crim. D.E. 652 in Case No. 02-391(PG)). On March 28, 2012, the First Circuit Court of Appeals issued its Judgment affirming Rodriguez-Lozada's re-sentence. See United States v. Rodriguez-Lozada, Appeal Nos. 10-1785; 10-1786 (1st Cir. 2012). No petition for writ of certiorari was filed. Therefore, Rodriguez-Lozada's conviction became final on June 26, 2012. Petitioner signed and dated his 2255 Petition for relief on March 26, 2013[9], therefore the same is timely.

## II. STANDARD

---

[8] Counsel Anglada was appointed as counsel for Petitioner by the First Circuit Court of Appeals.

[9] D.E. 1 at page 12, the Petition was docketed on April 5, 2013.

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Rodriguez-Lozada must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996), Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993).

### III. DISCUSSION

In his 2255 Petition and Memorandum in Support of, Rodriguez-Lozada raises the following allegations of ineffective assistance of counsel:

> (1) Counsel failed to move the court for automatic dismissal of the indictment based upon the court's failure to make "ends of justice" findings as required by the Speedy Trial Act.
> (2) Counsel failed to conduct a "reasonable amount" of pretrial investigation, trial preparation, interview and subpoena potential witnesses, file timely pretrial motions and file objections during trial and to the Pre-Sentence Report ("PSR").
> (3) Counsel deprived movant of his Constitutional right to take the stand and testify on his own behalf.
> (4) Counsel was ineffective by giving movant erroneous advice in plea bargaining, when he had reviewed no discovery, or relevant materials in violation of Lafler v. Cooper and Missouri v. Frye.

Finally, Rodriguez-Lozada requested the appointment of new counsel and an evidentiary hearing to discuss these arguments[10].

---

[10] The Court notes that in Rodriguez-Lozada's Petition (D.E. 1) he raised three (3) additional ground for relief. (1) the evidence was insufficient to sustain a conviction; (2) weapons count of conviction should be reversed and vacated, and (3) the sentence imposed was patently unreasonable. See D.E. 1 at p. 2. These three (3) allegation are

### A.  Claims addressed at *Strickland* hearing

The Court has reviewed the transcript of the August 26, 2005 hearing and there is no doubt that at least three (3) of the four (4) issues raised in Rodriguez-Lozada's pending 2255 Petition were thoroughly discussed, evaluated and denied at the *Strickland* hearing. Not only does the record contradict Petitioner's claim but this Court already specifically addressed Petitioner's allegations. Petitioner cannot continue to rehash the same arguments before this Court and expect a different outcome.

For example, the record states as follows:

> The Court: Now, in that motion you raise various issues or various facts concerning ineffective assistance of counsel, and you're requesting that under Strickland, a hearing be held. Some of the things that you mention there are incorrect and are not reflected in the record, as such. For example, all this issue you're bringing about the Motion to Suppress, your attorney did present Motion to Suppress.  The thing is that the Court denied the Motion to Suppress, because you did not have standing to raise a Motion to Suppress. Certainly, that was not an action on the part of your attorney that is conductive to ineffective assistance.

See Sentencing Hrg. Transcript at pages 4-5, August 26, 2005.

> The Court: Also, you mentioned the fact of certain witnesses that were brought in, some doctors that were brought in.  And your attorney did bring in those doctors.  And some of them, the Court did not allow to testify. So the fact that they were not presented, is not the doing of your attorney. He did follow through with bringing those witnesses in; it's just that the Court did not allow him to testify.

See Sentencing Hrg. Transcript at pages 5-6, August 26, 2005.

---

not developed nor discussed in Petitioner's Memorandum or subsequent filings. Furthermore, the issues were addressed and ruled upon by the First Circuit Court in Petitioner's appeal and he is therefore precluded from raising them here. United States v. Michaud, 925 F.2d 37 (1st Cir. 1991); *see also* United States v. Rodriguez-Lozada, 558 F.3d 29 (1st Cir. 2009)(Court vacated weapons conviction and discussed at length the sufficiency of the evidence as to other counts of conviction).

This Court had previously rejected Petitioner's allegation of ineffective assistance of counsel for failure to file timely motions and failure to call witnesses to the stand during trial. The Court stands by its original determination.

Likewise, during the hearing, the Court addressed Petitioner's claim that counsel had not allowed him to testify during his trial. The record states as follows:

> Mr. Garcia Garcia: Yes, Your Honor. He stated in his motion, first of all, he wishes to testify. It is correct that I advised him not to do so. However, afterwards, he was the one in front of Attorney Lizarribar who stated that he would not testify at trial.
> The Court: I believe your client has a criminal record.
> Mr. Garcia Garcia: Yes, Your Honor.
> The Court: That's one of the main reasons why defendants do not testify.
> Mr. Garcia Garcia: And, also, Your Honor, I advised him not to, because Rivera Rubero was the witness that testified, really, against my client, Mr. Elias Rodriguez Lozada. And if he were to testify, the government has the right to cross-examine Mr. Elias Rodriguez Lozada in relation with his business deals with Rivera Rubero, in front of the jury.
> The Court: That would be additional evidence damaging to the defendant.

See Sentencing Hrg. Transcript at pages 6-7, August 26, 2005.

As the record shows, counsel's actions do not amount to ineffective assistance. Not only would the government have the opportunity to impeach Petitioner's testimony with his criminal record, it also had available Rodriguez-Lozada's prior testimony at the Suppression Hearing. The government had already filed a motion advising that it intended to use said testimony (Crim.D.E.398 in Case No. 02-391(PG)).

Petitioner's allegation that counsel failed to call certain witnesses is also meritless and contradicted by the record.

> Mr. Garcia Garcia: ...We filed a subpoena, and Dr. Miro came at the request of the defendant.

Civil No. 13-1277(PG)                                                    Page 9

> We tried to introduce the witness, and the Court denied the presentation of the testimony of Dr. Miro because it was collateral impeachment. That was the disposition of the Court.
> We called Tanya Lopez and she came to testify. And the wife of Mr. Rodriguez Lozada also came to testify.
> The Court: As a matter of fact, they also testified in a Motion to Suppress.
> Mr. Garcia Garcia: That's correct, Your Honor.

<u>See</u> Sentencing Hrg. Transcript at page 7, August 26, 2005.

There is no new evidence brought forth by Petitioner in his 2255 Petition that would alter or change the record which clearly leaves no doubt that his counsel did in fact subpoena and present witnesses at his trial.

This Court also dealt with Rodriguez-Lozada's allegation that his counsel was ineffective for the belated filing of a motion to suppress. Once again the record leaves no doubt that Petitioner is wrong in his allegation.

> Mr. Garcia Garcia:...During trial, Ms. Lydia Lizarribar stated that at that point Mr. Nelson Rivera Garcia would testify on behalf of the defendant if we filed a Motion for Severance.
> We did so at the moment that Attorney Lydia Lizarribar advised us that her client was willing to testify.
> The Court: And the Court denied the motion...
> So the matter of the testimony of Mr. Nelson Garcia available to your client, was not a matter that neither you nor your client could resolve; it was his co-defendant. And once the decision was made by Mr. Nelson Rivera Garcia with his attorney that he would be willing to testify on behalf of Mr. Rodriguez, it was at that time that you filed the motion.
> Mr. Garcia Garcia: That's correct. And it was argued before the Court. (Sentencing Hrg. Transcript at page 8, August 26, 2005)
> Mr. Garcia Garcia: We also filed a motion under Rule 804B of the Rules of Evidence, Your Honor, to bring the testimony of Mr. Nelson Rivera Conejo of the Suppression hearing.
> The Court also denied such motion.
> And that moment, Mrs. Lydia Lizarribar, attorney for Mr. Nelson Rivera Conejo, stated to the Court that Nelson Rivera Conejo would take the Fifth. But that was besides the point because I had

already filed the motion.

<u>See</u> Sentencing Hrg. Transcript at page 9, August 26, 2005.

Not satisfied with the determinations made by the Court during the *Strickland* hearing, Rodriguez-Lozada addressed the Court, argued zealously his claims and cited case law in support of his arguments. This Court carefully considered Petitioner's arguments and meticulously explained why he failed to put forth the necessary evidence to obtain relief for ineffective assistance of counsel. <u>See</u> Sentencing Hrg. Transcript at pages 14-20.

Hence, Rodriguez-Lozada's allegations two (2) through four (4) of ineffective assistance of counsel are deemed meritless as well as contrary to the record and are **DENIED**.

**B. Ineffective assistance for counsel's failure to move the court for automatic dismissal of the indictment based on the Speedy Trial Act**

Lastly, Rodriguez-Lozada avers that his counsel was ineffective for failure to file for dismissal of the indictment pending against him due to Speedy Trial Act violations. Petitioner raised this claim for the first time in his 2255 petition.

It is well settled law that claims not raised on direct appeal may not be raised on collateral review unless the petitioner can show cause and actual prejudice. <u>Massaro v. United States</u>, 538 US 500 (2003). Under the longstanding "procedural default" rule "a non constitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under Section 2255 absent exceptional circumstances." <u>Knight v. United States</u>, 37 F.3d 769 at 772 (1st Cir. 1994). In such cases, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" <u>Bousley v. United States</u>, 523 US 614, 622 (1998).

In the case at hand Rodriguez-Lozada has made no claim of actual innocence and has failed to demonstrate either cause or actual

Case 3:13-cv-01277-PG   Document 9   Filed 08/14/15   Page 11 of 12

Civil No. 13-1277(PG)                                              Page 11

prejudice.  The Supreme Court reiterated that in order to constitute cause for procedural default, a claim must be "so novel that its legal basis is not reasonably available to counsel" Reed v. Ross, 468 U.S. 1, 16 (1984).  There is nothing novel about a claim of Speedy Trial Act violation. Petitioner has failed to establish actual prejudice as well.

Rodriguez-Lozada, perhaps well aware that he can not present this collateral attack, has creatively worded his allegation of Speedy Trial Act violation as one of ineffective assistance of counsel.  The Court is not fooled.  A review of the record and Petitioner's computations reveal that there are no Speedy Trial violations present. Petitioner's counsel cannot file for dismissal of indictment for Speedy Trial Act violation when the same has not occurred.  Therefore, Rodriguez-Lozada's allegations are unavailing.

### C. Request for an Evidentiary hearing

Evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. Moreno-Morales v. United Sates, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

Rodriguez-Lozada has failed to raise any cognizable issue under section 2255. In fact, on August 26, 2005, (Crim. D.E. 537 in case no. 02-391(PG)) Petitioner got the evidentiary hearing he now requests and vigorously argued his position as to ineffective assistance of counsel. Petitioner's request for another evidentiary hearing is thus DENIED.

### IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ELIAS RODRIGUEZ-LOZADA,** is not entitled to federal habeas relief on the claims.  Accordingly, it is ordered that petitioner **ELIAS RODRIGUEZ-LOZADA'S** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing is also **DENIED.** Petitioner's request for appointment of counsel is **DENIED.**

### V. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th of August 2015.

**S/JUAN M. PEREZ-GIMENEZ**
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**